UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
JOCELYN SANCHEZ,

                        Civil Action No.
                        17-cv-

               Plaintiff,

      -against-                      COMPLAINT

NEW YORK CITY TRANSIT AUTHORITY
and MANHATTAN & BRONX SURFACE        JURY TRIAL DEMANDED
TRANSIT OPERATING AUTHORITY

              Defendant.
-------------------------------------------------------------x

Plaintiff, Jocelyn Sanchez, by her attorney, the Law Offices of Eric Dinnocenzo, for her

complaint against defendants New York City Transit Authority and Manhattan & Bronx

Surface Transit Operating Authority, alleges as follows:

## INTRODUCTION

1.    Plaintiff, Jocelyn Sanchez, was employed as a bus operator by defendants.  It

was a job she really valued with security and good benefits.  In the summer of 2016, she had

to go out on leave due to urological issues, and she returned to work less than three months

later, within the time allowed by the Family and Medical Leave Act, ready and willing to

perform her job.  On the first day she returned, however, she was abruptly fired by her male

supervisor.  Now defendants seek to justify the termination on earlier absences due to

sickness, but in that case, why not terminate her earlier before she went on leave?  The

timing of her termination right after going on FMLA is extremely suspect.  Further, if there

was a hardship raised by Jocelyn's condition, defendants apparently were not interested in

engaging in an interactive process with her to see if an accommodation could be reached. Her unlawful termination constitutes disability discrimination and both a violation of and retaliation under the Family and Medical Leave Act ("FMLA").

## PARTIES

2.     At all relevant times, plaintiff, Jocelyn Sanchez, is a resident of Queens, New York.

3.     Defendant New York City Transit Authority ("NYCTA") is a public authority organized and existing under and by virtue of the laws of the State of New York with a principal place of business in the County of Kings, State of New York.

4.     Defendant Manhattan & Bronx Surface Transit Operating Authority ("MBSTOA") is a subsidiary of NYCTA that exists under and by virtue of the laws of the State of New York with a principal place of business in the County of Kings, State of New York.

5.     The defendants are governmental entities that have thousands of employees and qualify as an employer under federal, state, and city anti-discrimination laws and are also subject to the provisions of the Family and Medical Leave Act.  Similarly, the plaintiff qualifies as an employee under those same laws.

6.     Plaintiff was employed by defendants as a bus driver until she was unlawfully terminated on October 6, 2016.

## VENUE

7.     Defendants regularly conduct business in the Eastern District of New York.

8.     Defendants have offices, employees and equipment that are located in the Eastern District of New York.

9.     At the time plaintiff was terminated, her employment was based out of the Eastern District of New York, and the actions that are the subject of this complaint substantially occurred in the Eastern District.

10.     Upon information and belief, defendants have previously appeared in the Eastern District of New York without objection to venue.  Further, defendants' contacts with the Eastern District are sufficient to subject it to personal jurisdiction there if the district was a separate state.

11.     It is not a hardship or inconvenience for defendants to litigate this matter in the Eastern District of New York.

12.     This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343. This Court has supplemental jurisdiction over the New York City law claims pursuant to 28 U.S.C. § 1367.

13.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

14.     Plaintiff filed a Charge of Discrimination against defendants with the New York City District Office of the Equal Employment Opportunity Commission ("EEOC"), Charge No. 520-2017-01398, alleging unlawful discrimination in connection with her dismissal from employment.

15.     More than 180 days passed from the filing of the charge and the EEOC had still not taken any action.

16.     Pursuant to plaintiff's request, and by notice dated September 29, 2017, plaintiff was notified by the EEOC of her right to file a civil action against defendants.

3

17.     This lawsuit has been timely filed within 90 days of plaintiff's receipt of the EEOC's right-to-sue notice.

## FACTUAL BACKGROUND

18.     Plaintiff Jocelyn Sanchez is an individual who suffers from physical impairments, including of a urological nature.  These impairments have, at times that are relevant, substantially impaired her ability to perform daily activities and they qualify as disabilities under federal, state, and city anti-discrimination laws and they further entitled her to leave under the FMLA.

19.     Beginning on July 13, 2015, Jocelyn was employed by the defendants as a full-time bus operator based out of the Fresh Pond location in Queens, New York.  After being employed for over one year, on or about July 22, 2016, she went out on medical leave that she was entitled to because she suffered a bladder condition that causes frequent and urgent urination, as well as pain and bleeding.  At that time, she was unable to perform her job on a regular basis.

20.     Jocelyn complied with filling out and submitting FMLA paperwork required by the defendants in order to demonstrate her need for and receive a medical leave.  Among other forms, she submitted one signed by her physician, Edward Moss, M.D., on July 18, 2016, that listed her diagnosis as "vaginal pain, gross hematuria, renal stones, pelvic floor." Jocelyn received medical treatment for her condition, including by physicians with expertise in her particular medical issues.

21.     Jocelyn returned to work on October 6, 2016, which was within the FMLA leave to which she was entitled, ready and willing to work, but to her shock, she was immediately and abruptly terminated from her position by her supervisor, Carlos Pacheco.

4

This was even though she had an "Application for Leave of Absence Due to Illness" form that was signed by her physician that stated that she was "incapable of performing his/her duties during the period from: 7/22/16 to 10/5/16," thus clearing her for return to work, and even though her absence did not cause an undue hardship to the defendants in light of the significant number of other drivers and backup drivers and the overall large scale of its operations.

22.     It would be absurd for defendants to claim that the absence of one driver in Queens for under three months, who needed to address urological issues, would cause an undue hardship. The defendants have a substantial number of bus drivers and could easily accommodate this brief leave.  Quite simply, they did not want to.  To the extent they claim that prior absence before the FMLA justified Jocelyn's termination, it raises the question of why she was not terminated before going on leave.  At least, in that case, she would have had extra time to look for a new job.  It was right after going on leave, and then returning, that she was fired.

23.     When Jocelyn returned to work on October 6, 2016, she could perform the essential functions of her job with or without a reasonable accommodation.  She could have continued at her former bus route, but she also would have benefited from a reasonable accommodation such as being given a shorter route which would enable more opportunities for a bathroom break.  These accommodations would not have posed an undue hardship to the defendants for the reasons stated above.  But defendants summarily fired Jocelyn because she was a person with disabilities who went on leave.

24.     Accordingly, Jocelyn was not given the opportunity to show that she could perform the essential functions of her job, and otherwise to the extent defendants considered her unable to do so, defendants refused to engage in an interactive process with her or consider any accommodation.

25.     At all times during her employment, Jocelyn fulfilled all of her duties satisfactorily.

26.     At all relevant times, defendants were on notice of her disabilities and that she required and exercised her rights under the FMLA.

27.     Defendants failed or refused to engage in the interactive process with Jocelyn and failed or refused to make an individualized determination of her condition or her fitness to work.

28.     Defendants discriminated against Jocelyn because she is a person with disabilities.

29.     The defendants terminated Jocelyn because she had disabilities and because she went on leave.

30.     The defendants are jointly liable and responsible for the allegations complained of herein.

## First Cause of Action – Declaratory Relief

31.     Plaintiff incorporates the foregoing paragraphs as if they have been alleged herein.

32.     Defendants have wrongfully discriminated against plaintiff under federal and city anti-discrimination laws and have violated the FMLA.

33.     Plaintiff seeks a declaration of the rights and obligations of the parties by this Court in accordance with the applicable provisions of law relating to declaratory judgments.

34.     Plaintiff seeks and is entitled to a declaratory judgment establishing that the defendants engaged in unlawful discrimination under the federal and city anti-discrimination laws and violated the FMLA.

## Second Cause of Action – Permanent Injunction

35.     Plaintiff incorporates the foregoing paragraphs as if they have been alleged herein.

36.     Plaintiff seeks and is entitled to injunctive relief directing and ordering that defendants reinstate her place plaintiff in the employment position she would be in but for their unlawful treatment, and to make her whole in terms of accrued benefits such as seniority, bonuses, retirement benefits, vacation and sick time.

## Third Cause of Action: ADA and 2008 Amendments (Disability Discrimination)

37.     Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

38.     The ADA and its amendments protect plaintiff from prohibited actions based on a perceived or actual disability.

39.     Defendants discriminated against the plaintiff based on disability in violation of the Americans with Disabilities Act ("ADA") of 1990 and the ADA Amendments Act of 2008, including both terminating her based on disability and failure to provide a reasonable accommodation.

40.     Defendants' conduct was willful, intentional, made in disregard for the rights of plaintiff, and defendants knew or should have known it was in violation of the ADA and its amendments, entitling plaintiff to an award of punitive damages.

### Fourth Cause of Action: NYSHRL (Disability Discrimination)

41.     Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

42.     Defendants have discriminated against the plaintiff based on disability in violation of the New York State Human Rights Law (Article 15 of the New York Executive Law), including both terminating her based on disability and failure to provide a reasonable accommodation.

43.     Defendants' conduct was willful, intentional, made in disregard for the rights of plaintiff, and defendants knew or should have known it was in violation of the NYSHRL, entitling plaintiff to an award of punitive damages.

### Fifth Cause of Action: NYCHRL (Disability Discrimination)

44.     Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

45.     Defendants have discriminated against the plaintiff based on disability in violation of the New York City Human Rights Law (Title 8 of the Administrative Code of New York City), including both terminating her based on disability and failure to provide a reasonable accommodation.

46.     Defendants' conduct was willful, intentional, made in disregard for the rights of plaintiff, and defendants knew or should have known it was in violation of the NYCHRL, entitling plaintiff to an award of punitive damages.

**Sixth Cause of Action - FMLA**

47.     Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth

herein.

48.     Defendants violated the Family and Medical Leave Act of 1993 (29 U.S.C. §

2601 et. seq.) by not offering or allowing plaintiff to have the leave to which she was

entitled, and by not restoring her to her position after her leave was completed.

49.     Defendants engaged in unlawful retaliation against plaintiff after she asserted

her rights under the FMLA by immediately firing her.

50.     Defendants' conduct was willful, intentional, made in disregard for the rights

of plaintiff, and defendants knew or should have known it was in violation of the FMLA,

entitling plaintiff to an award of punitive damages.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully requests the Court to enter judgment in her favor

and against defendants, and to accord her the following relief:

(a)     A declaration that defendants have engaged in unlawful discrimination and
        have violated the FMLA;

(b)     An injunction directing defendants to place plaintiff in the employment
        position she would be in but for their unlawful treatment, and to make her
        whole in terms of accrued benefits such as seniority, bonuses, retirement
        benefits, vacation and sick time;

(c)     Back pay with prejudgment interest and all the fringe benefits to which
        plaintiff is entitled;

(d)     Compensatory damages for plaintiff's non-economic injuries;

(e)     Alternatively, if reinstatement is not ordered, an award of front pay;

(f)     Punitive damages;

(g)     An award of reasonable attorney's fees;

(h)     Interest, costs and disbursements; and

(i)     Such other legal and equitable relief or may be just and proper under the circumstances.

Dated:     New York, New York
           October 4, 2017

                              LAW OFFICES OF
                              ERIC DINNOCENZO

                    By:     *s/Eric Dinnocenzo*
                            Eric Dinnocenzo  (ED 3430)
                            Attorney for Plaintiff
                            469 Seventh Avenue
                            Suite 1215
                            New York, NY 10018
                            (212) 933-1675
                            eric@dinnocenzolaw.com